UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SHELLEY DAVIS**                                                      **CIVIL ACTION**

**VERSUS**                                                              **NO. 18-4128**

**LOUISIANA FEDERAL COURT**                       **SECTION: "A"(5)**

## REPORT AND RECOMMENDATION

In February 2018, pro se petitioner, Shelley Davis, filed a request in the above-captioned case to proceed with an application for federal habeas corpus relief in the United States District Court for the Western District of Louisiana. The request was construed liberally as a petition for writ of habeas corpus relief under 28 U.S.C. § 2254.[1] Because she sought to challenge an Orleans Parish conviction for second-degree murder, the matter was transferred to this Court. Rec. Doc. 3 (Order of Transfer, 4/17/18).

Around the same time in February, Davis also filed directly here with the United States District Court for the Eastern District of Louisiana the same request to proceed with an application for federal habeas corpus relief challenging the second-degree murder conviction. By the time of the transfer, Davis had already submitted an approved form petition for relief and the necessary filing fee, and was pursuing habeas corpus relief from the same state court conviction in the United States District Court for the Eastern District of Louisiana. *See Shelley Davis v. State of Louisiana*, Civ. Action No. 18-1878 "A"(5).

Upon receipt of the transferred petition, the Clerk's Office issued a standard deficiency notice to Davis warning that it must be submitted on an approved form with either an application to proceed *in forma pauperis* or the requisite filing fee in order to proceed.

---

[1] *See* 5:18-cv-0207 Sec. P (W.D. La.).

(Rec. Doc. 5).  Davis has not replied to the deficiency notice.  To date, the above-captioned federal habeas application remains deficient in form and lacks the accompanying filing fee or pauper application.  *See* Rule 2, Rule 3(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  Accordingly, the instant application should be dismissed without prejudice.  *See e.g.*, *Searls v. Cain*, Civ. Action No. 08-928, 2008 WL 1745142 (E.D. La. Apr. 10, 2008).  The Court emphasizes that dismissal of this proceeding is without prejudice and will not impact Davis's ability to pursue relief from the referenced state-court conviction through her currently pending federal habeas proceeding, Civ. Action No. 18-1878 "A"(5).

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by Shelley Davis in the above-captioned matter be **DISMISSED WITHOUT PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. §636(b)(1)).

New Orleans, Louisiana, this 31st day of May, 2018.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE